**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV267-H**

| | | |
|---|---|---|
| **TC ARROWPOINT, L.P.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **CHOATE CONSTRUCTION CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss" (document #16) and "Memorandum in Support ..." (document #17), both filed August 5, 2005; and the Plaintiff's "Response ..." (document #21) filed August 22, 2005.   On August 31, 2005, the Defendant filed its "Reply ..." (document #22).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and on August 22, 2005, this matter was reassigned to the undersigned Magistrate Judge.   The Defendant's motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Defendant's Motion to Dismiss, as discussed below.

## I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This is an action to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.   Relevant to the only issue presented in the subject Motion to Dismiss, that is, whether there is complete diversity of citizenship between the parties, the Defendant, Choate Construction Co., is a Georgia corporation.   Plaintiff TC Arrowpoint, L.P., a Texas limited

partnership, has one general partner,  Trammell Crow Arrowpoint, Inc., a Delaware corporation headquartered in Texas, while the Plaintiff's single limited partner is Cardinal Arrowpoint, LLC, a Delaware limited liability company maintaining its headquarters in California.  As the Plaintiff has credibly demonstrated in its Response, discussed below, Cardinal Arrowpoint's sole member is the Board of Trustees ("Board') of the Leland Stanford Junior University ("Stanford"), which was incorporated in 1901 by a special act of the California legislature, and none of the individual members of the Board are citizens of Georgia.

On September 10, 1999, non-party TC Arrowpoint Inc. and the Defendant entered into a "Standard Form of Agreement Between Owner and Contractor, AIA document A101" ("the Contract") for the construction of two office buildings in Charlotte, North Carolina for an approximate contract price of $28 million.   On March 22, 2000, TC Arrowpoint Inc. assigned its interest in the Contract to the Plaintiff.

The Contract contained an arbitration provision, and on May 12, 2003, the Plaintiff filed a Demand for Arbitration with the American Arbitration Association ("AAA"), concerning a dispute between the parties regarding "Jaramite panels" in the "exterior curtainwall" of the buildings.

Pursuant to the Contract, each party individually selected one arbitrator and the parties jointly selected the third member of the Arbitration Panel, and an arbitration hearing was held over nine hearings days in March and April 2005.

On June 6, 2005, the Arbitration Panel issued an Award in favor of Plaintiff in the amount of $13,902,696.05, the cost of replacing the defective Jaramite panels.

On June 8, 2005, the Plaintiff filed its "Application for Confirmation of Arbitration Award as a Judgment of the Court Under 9 U.S.C. § 9," which is in the style of a complaint, consists of four

pages plus attachments, but concerning the existence of federal subject matter jurisdiction, did not identify or state the citizenship of the members of the Plaintiff's limited partner, Cardinal Arrowpoint, LLC.

On August 3, 2005, the Defendant filed its seven-page "Answer ... and Notice of Motion to Vacate Arbitration Award" pursuant to §10 of the FAA, requesting, among other things, that the Court set a briefing schedule.

On August 5, 2005, the Defendant filed its Motion to Dismiss for lack of subject matter jurisdiction, that is, the Plaintiff's failure to state fully the citizenship of Cardinal Arrowpoint's members.

On August 22, 2005, the Plaintiff filed its Response, including, as noted above, attachments establishing that Cardinal Arrowpoint's only member is the Board of Trustees of Stanford University, that the University was incorporated under California law and maintains its principal place of business in that state, and that no member of the Board is a Georgia citizen.  See "Exhibit 1" to Document #21.

On September 2, 2005, the Plaintiff filed a fifty-page brief with attachments entitled "Reply in Support of ... Application for Confirmation," but which is presently the only brief in the record addressing the ultimate issue in this case, that is, whether the Award should be confirmed or vacated.

The Defendant's Motion to Dismiss has been fully briefed as set forth above and is, therefore, ripe for determination.

## II. DISCUSSION

The existence of subject matter jurisdiction is a threshold issue, and any case lacking a proper basis for subject matter jurisdiction must be dismissed.    Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998).  Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  In other words, it is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed."  Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Accord  Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002).  The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy].  No party can waive the defect, or consent to jurisdiction.  No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).  Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party seeking federal jurisdiction, in this case, the Plaintiff, has the burden of proving that subject matter jurisdiction exists.  See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and  Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004).  Because the Plaintiff's underlying breach of contract claim arises entirely under state law, a basis for federal subject matter jurisdiction must exist under what is commonly called diversity

4

jurisdiction.[1]

A case falls within a federal district court's diversity subject matter jurisdiction only if the amount in controversy exceeds $75,000 <u>and</u> diversity of citizenship among the parties is complete – that is, only if no plaintiff and defendant are citizens of the same State.  <u>See, e.g.</u>, 28 U.S.C. § 1332 (2000); <u>Schacht</u>, 524 U.S. at 388; <u>and</u>   <u>Carden v. Arkoma Associates</u>, 494 U.S. 185, 187 (1990).

For purposes of determining whether the citizenship of the parties is diverse, a corporation is  treated as a citizen of any state where it has been incorporated, as well as the state where it maintains its principal place of business, without regard for the citizenship of its shareholders.  <u>See</u> 28 U.S.C. § 1332(c)(1) (2000) ("a corporation shall  be deemed  to  be  a  citizen of any  State by which it has been incorporated  and of  the  State where  it  has its principal  place of business"); <u>Athena Automotive, Inc. v. DiGregorio</u>, 166 F.3d 288, 290 (1999)  (a corporation  has  its  principal place  of  business  at the "nerve center" and/or "place of"  its  operations); <u>and</u> <u>Peterson v. Cooley</u>, 142 F.3d 181, 184 (4th Cir. 1998).

Entities that are in the nature of a partnership, however, including a limited partnership or a limited liability company, are citizens of any state where even one general or limited partner or, in the case of a limited liability company, one member resides.  <u>Accord</u>  <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 569 (2004) (partnership a citizen "of each state and foreign

---

[1]As the parties essentially recognize in their briefs, the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal question jurisdiction." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 25 n.32 (1983).  Rather, the party asserting jurisdiction "must demonstrate that if there were no agreement to arbitrate, a federal court would have jurisdiction of the subject matter of a suit arising out of the controversy between the parties." <u>Gibraltar, P.R., Inc. v. Otoki Group, Inc.</u>, 104 F.3d 616, 618 (4th Cir. 1997) (internal quotation omitted), <u>citing</u>   <u>Whiteside v. Teltech Corp.</u>, 940 F.2d 99, 102 (4th Cir. 1991).

country of which any of its partners is a citizen"); <u>Gen. Tech. App. Inc. v. Exro Ltda,</u> 338 F.3d 114, 121 (4th Cir. 2002) ("a limited liability company ... is not a corporation and cannot be treated as such ... until Congress says otherwise ... [instead it] is an unincorporated association akin to a partnership for diversity purposes, whose citizens is that of its members"); <u>and</u> <u>New York State Teachers Retirement System v. Kalkus</u>, 764 F.2d 1015, 1019 (4th Cir. 1985) ("the citizenship of a limited partnership is determined by considering the citizenship of all its partners, both general and limited").

Applying these legal principles to the record in this case, the Plaintiff has met its burden of establishing a basis for diversity jurisdiction.  As an initial matter, the Plaintiff seeks confirmation of an arbitration award in excess of $13 million and, accordingly, the amount in controversy requirement has been met.

Concerning the parties' citizenship, there is no dispute that the Defendant is a Georgia corporation.  The Plaintiff is a limited partnership with one general partner,  Trammell Crow Arrowpoint, Inc., a Delaware corporation headquartered in Texas, while the Plaintiff's single limited partner is Cardinal Arrowpoint, LLC, a limited liability company with but one member, the Board of Trustees of Stanford University.

Although the parties have not cited, and the undersigned is unaware of, precedent considering whether the citizenship of the board of an university is evaluated collectively or individually, as discussed above, the Plaintiff's Response, including an attached list of the members of Stanford's Board of Trustees, establishes that the University was incorporated under California law and that no member of its Board of Trustees is a Georgia citizen.

In short, the Plaintiff has shown that its general partner is a citizen of Delaware and Texas, and that its limited partner is a citizen of California and, possibly, other states, but <u>not</u> Georgia.  <u>See</u>

6

28 U.S.C. § 1332(c)(1) (2000); <u>Grupo Dataflux</u>, 541 U.S. at 569; <u>Gen. Tech. App. Inc.,</u> 338 F.3d at 121; <u>and</u>  <u>Kalkus</u>, 764 F.2d at 1019 (4th Cir. 1985).    Accordingly, where the citizenship of the parties is diverse and the amount in controversy far exceeds the minimum requirement, the Plaintiff has met its burden of establishing that subject matter jurisdiction exists, and the Defendant's Motion to Dismiss will be <u>denied</u>.    The Court will, however, set a briefing schedule as requested in the Defendant's Answer.

### III.  <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED:**

1.    The "Defendant's Motion to Dismiss" (document #16) is **DENIED**.

2.    The Defendant shall have until October 7, 2005 to file a brief in response to the Plaintiff's "Reply in Support of ... Application for Confirmation" and in support of the "Motion to Vacate"  stated in the Defendant's Answer.

3.    The Plaintiff shall have thirty (30) days from receipt of the Defendant's response brief, if any, to file a reply brief.

4.    The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

**Signed: September 6, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge